RIVERA, PLAINTIFF AND APPELLEE, *v.* MEDINA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action of Intervention.

No. 2148.—Decided July 29, 1920.

APPEAL—REHEARING.—When the time within which an appeal may be taken has expired, the right of appeal can not be revived by the filing of a motion for rehearing for the sole purpose of reviewing matters which were determined by a final judgment.

The facts are stated in the opinion.
*Mr. C. Domínguez Rubio* for the appellants.
*Mr. M. Marcos Morales* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Monserrate and Bernabela Medina y Rodríguez, in a suit against John and Richard Doe, that is to say, the unknown heirs or succession of Marcos Rovira y Castaños and Micaela Colón, attached as the property of such succession certain real estate.

Juan Delfín Rivera, as owner of the property in question, brought suit against plaintiff and defendants in the action above mentioned to establish his claim as such owner and to quash the attachment above mentioned. On December 6, 1918, the district court rendered judgment for the plaintiff in intervention, adjudging him to be the owner of the property in question, quashing the attachment levied thereon, together with the usual pronouncement as to costs, disbursements and attorney fees, pursuant to the prayer of the complaint in intervention.

On January 7, 1918, and after the time within which defendants might have appealed from the judgment above mentioned, Monserrate and Bernabela Medina y Rodríguez moved for a reconsideration of the judgment so rendered, on the following grounds:

"1. It appears from the records that the property levied upon by the defendants for the purpose of satisfying the judgment of this court of June 9, 1917, in the action brought by them against the unknown heirs of Juan and Richard Doe, *i. e.*, the succession of Marcos Rovira Castaños and Micaela Colón of unknown address, belonged to the said Marcos Rovira Castaños in whose name it was recorded in the Registry of Property of Caguas, affected by a note relative to the deferred price.

"2. The court does not decide in the judgment whether the property levied upon is the same property claimed in the action in intervention and what better title thereto is possessed by Juan Delfín Rivera, for although the said judgment sets out that the ownership of the property is recorded in the name of the said Juan Delfín Rivera, it is likewise true that it also appears recorded in the name of Marcos Rovira Castaños by virtue of a sale made to

him by Pedro Moderado Medina, and there is nothing to show that the record of ownership in the name of Rovira had been cancelled.

"3. Nor does the judgment dispose of the question of identification or amount. For, although it is true that Juan Delfín Rivera brought dominion title proceedings, it is none the less so that these show that he acquired the property by purchase of Micaela Colón, wife of Rovira, without any proof being adduced to show that he (Rovira) had died or that the community property of the conjugal partnership had been liquidated.

"4. Because, in any event, there are conflicting titles in this case which this court cannot dispose of in an action in intervention and the judgment should be without prejudice to the rights of the defendants to exercise any remedy they may have looking to the protection of their credit by reason of the deferred payment in the sale made by Medina to Rovira.

"In so far as regard costs, expenses, disbursements and attorney fees:

"1. The defendants in this case are not defendants in intervention nor in bad faith. They were only enforcing a judgment rendered by this court on June 8, 1917, in an action of debt brought by Monserrate and Bernabela Medina y Rodríguez *v*. John and Richard Doe, *i. e.* the Succession of Marcos Rovira Castaños and Micaela Colón, of unknown address, in which judgment the court says: 'From the evidence adduced the material allegations of the complaint are established, said proof showing that the debt existed and was not paid;' among the allegations of the said complaint held to have been established by the court are the following:

"1. That by deed No. 44, executed before Luis Muñoz Morales in Cayey on February 28, 1896, Pedro Moderado Medina, lawful father of the defendants, sold Marcos Rovira y Castaños, of age, married, the following rural property:

"'Piece or parcel of land situated in the ward of Honduras, Municipality of Barranquitas, consisting of 80 *cuerdas* of land, equal to 31 hectares, 44 ares and 32 centares, bounded on the north by lands belonging to Ramón Benítez and Marcelino Rivera, that is to say, Rodríguez, and now Delfín Rivera, starting from a declivity; on the south, beginning or starting from a stump of a *capá prieto* tree, with lands of Marcelino Rodríguez, now of Natividad González; on the east by the back of the hypotenuse of a triangular-shaped

piece of land belonging to Mauricio Rolón, now the property of Natividad González and on the west by the La Plata river.'

"The consideration for the sale of this property was 2,425 *pesos,* special currency in vogue at the time of the sale, of which sum the vendor received 1,000 *pesos,* the vendee agreeing to pay the remaining 1,425 *pesos* in seven annual instalments of $203.57 each, the first of such instalments falling due on February 1, 1897, and the subsequent instalments in following years, it being stipulated that the property forming the subject-matter of this contract shall be held liable for the payment of the instalments agreed on, and that such stipulation shall be inserted in the registry of property. The said property appears of record in said registry and mention or annotation of deferred payments on folio 27 of volume 7 of Barranquitas, property 322, first entry of record.

"5. That the said Marcos Rovira Castaños died at Barranquitas on January 20, 1898, during his marriage to Micaela Colón, without issue and intestate.

"2. In these circumstances the plaintiff brought his action in intervention and the defendants were unable to withdraw from the enforcement of the final judgment rendered in their favor after due process of law. The defendants merely exercised their right of lawful defense upon being attacked in an action whose object was to prevent the enforcement of the judgment.

"3. The defendants established all the material allegations of their answer to the complaint."

On February 7 the defendants last above mentioned appealed from an order dated January 30 overruling the motion for reconsideration and assign as error:

"First. Improper weighing of the evidence as a whole and the improper weighing of the evidence of the sister defendants Medina.

"Second. Improper application of the mortgage principles bearing upon the question in dispute.

"Third. Failure to decide, in rendering judgment, questions which were submitted and regarding which there was evidence in the record.

"Fourth. Improper imposition of costs, expenses, disbursements and attorney fees."

From the motion last above mentioned and from the

assignment of errors just quoted it is self-evident that the purpose of said motion was, and that .of the present appeal is, to review matters determined by the final judgment of December 6, 1918, from which no appeal was perfected within the statutory period and from which, therefore, no appeal could be taken. If the time within which an appeal may be taken has expired, the right of appeal can not be revived by the filing of a motion for rehearing. Note to *Conradt* v. *Lepper,* 3 Ann. Cas., 630.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.